Stevens, Appellant, *v.* Smith.

Stevens, Appellant, *v.* Doylestown Building & Loan Association.

Argued January 9, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John L. Dubois,* for appellant.

*W. H. Satterthwaite,* of *Bunting & Satterthwaite,* for appellee.

PER CURIAM, February 1, 1933:

These two appeals, which grow out of one set of facts, raise the same questions of law and may conveniently be treated together. In both cases plaintiff appeals from the action of the court below in entering judgment for defendant for want of a sufficient statement of claim. The action was trespass to recover damages for the breach of an alleged contract to convey real estate. Affidavits of defense were filed raising questions of law upon which the court entered judgment in defendant's favor.

In view of the disposition we are making of the case, we deem it unnecessary to consider the legal questions raised by the statutory demurrer or the decision made upon each. The court below was right in ruling against plaintiff on many of the questions raised by defendant, as the record then stood; we are, however, of opinion it fell into error in entering judgment without affording plaintiff an opportunity to amend. Although there would appear to be doubt as to whether the facts give a right of action in trespass, the other objections of defendant to plaintiff's statement of claim refer more to the manner of pleading than to a complete lack of a cause of action, and we are not convinced the defect could not have been remedied by amendment. Under present day practice and procedure we will not foreclose a cause of action for defects resting more on form than want of substance.

As we said in Rhodes v. Terheyden, 272 Pa. 397, 401-2: "The question to be decided under section 20 of the [Practice] Act, which provides only 'a substitute...... for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification as to entitle plaintiff, without amendment, to proceed to trial,

but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls......but, in that event, the doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases. ..... Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,— of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims."

The judgment of the court below in both appeals is reversed with leave to plaintiff to file amended statements of claim.