## Townsend et al., Appellants, *v.* Universal Insurance Company.

Argued October 6, 1937.

Before KELLER, P. J., CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*David S. Malis,* with him *Robert C. Brown,* for appellants.

*Arthur S. Arnold,* for appellee.

OPINION BY BALDRIGE, J., November 17, 1937:

The learned court below in this action of assumpsit sustained the position taken by the defendant in its affidavit of defense, that a good cause of action was not pleaded by plaintiffs, and accordingly entered judgment for defendant.

The plaintiffs in their statement of claim averred, inter alia, that the defendant issued a policy insuring them against legal liability as common carriers, by reason of fire, and other causes which have no relation to this litigation.

On March 13, 1935, the Tasty Baking Company delivered to plaintiffs certain merchandise to be transported from Philadelphia to its premises in Baltimore. The goods were placed that night after business hours on the plaintiffs' platform in Baltimore, ready for delivery to the Tasty Baking Company the following day. During the night, and before the plaintiffs had a reasonable opportunity to notify the consignee of the arrival of the merchandise at their platform, or to

deliver the same on the following day, a fire broke out in the premises where their platform is located and destroyed the merchandise. Plaintiffs paid the Tasty Baking Company, the owner of the goods, $687.66, the amount of its loss, and brought this suit to recover that sum.

The policy, which was attached to and made part of plaintiffs' statement, covered merchandise while in the custody of the assured and actually in transit, and while contained in or on two certain Brockway trucks, built in 1931, identified by motor numbers, with the privilege of substituting other trucks than those described in the policy. In consideration of an additional premium, a rider was attached to the policy, which provided that it "also covers the property insured while contained on the trucks covered hereunder for a period not exceeding forty-eight hours (48) (Sundays and legal holidays excepted) while contained in any garage within the policy limits or on the assured's platforms during the course of transfer between the within described trucks for an amount not exceeding $4,000 the policy limits."

The learned court below entered judgment on the theory that the policy covers only the risk while the goods are actually in transit on certain described trucks or in the carriers' garage or on their platform awaiting transfer from one of the trucks to another, and, as the property in question at the time of the loss was neither in trucks in transit nor in a garage within the policy limits nor on the assured's platform during the course of transfer from one truck to another, the plaintiffs did not bring themselves within the terms of the contract of insurance.

It must be admitted that notwithstanding they filed two amended statements of claim the one before us cannot be commended for clarity and completeness, as it contains no averment that the goods alleged to have been destroyed were on the platform in the course of

transfer from one truck to another. If this merchandise was to have been picked up the following morning by one of plaintiffs' trucks covered by the policy, it should have been so averred. Of course, if that is not a fact, then the pleader cannot be criticised. If this omission was due to an inadvertency, plaintiffs ought to be given an opportunity to amend further.

Summary judgments should be entered only in clear cases: *Rudman et ux. v. City of Scranton et al.,* 114 Pa. Superior Ct. 148, 155, 173 A. 892. It is the consistent policy of the courts to give full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors. That is especially true if the objections refer more to the manner of the pleading than to a complete lack of a cause of action. If the pleading is vague or insufficient and it appears that a clear and adequate statement of facts can be averred, permission should be given to amend. It is always desirable to dispose of litigation on the merits, if possible. As was said in *Stevens v. Smith,* 310 Pa. 287, 288, 165 A. 237: "Under present day practice and procedure we will not foreclose a cause of action for defects resting more on form than want of substance." See, also, *Rhodes v. Terheyden et al.,* 272 Pa. 397, 116 A. 364; *Peabody v. Carr,* 316 Pa. 413, 175 A. 378; *National Cash Register Co. v. Ansell et al.,* 125 Pa. Superior Ct. 309, 189 A. 738.

We are all of the opinion that the plaintiffs should be given another opportunity to amend their statement of claim, so that if they are able to aver facts that bring them within the provisions of the policy, they may do so.

Judgment of the learned court below is reversed, and a procedendo awarded.