## Matthews v. Gilfillan et al.

*Gilbert E. Long,* for plaintiff.

*Chambers & Chambers,* for defendant.

*Orville Brown* and *Joseph Solomon,* for additional defendant.

MATTHEWS, J., January 2, 1942—This is an action in trespass for personal injuries ·in which defendant, after filing an affidavit of defense, presented his petition to join A. Clyde Shoaff as additional defendant. This petition was granted and the said A. Clyde Shoaff was joined as an additional defendant. Thereafter, counsel for Shoaff moved to dismiss the petition and vacate the order of joinder for the following reasons: First, that the said petition for joinder is defective in substance, in that it wholly fails to aver the nature of the additional defendant's alleged liability—that the additional defendant is alone liable to plaintiff, or that he is liable jointly or severally with the original defendant to plaintiff, or that the additional defendant is liable over to the original defendant; second, said petition for joinder is defective in substance in that it wholly fails to set forth any sufficient reason for the joinder of the additional defendant in this action, said petition not having set forth any definite nature of liability; third, the said petition for joinder is defective in substance in that the averments thereof are conflicting and contradictory; fourth, that the petition for joinder was erroneously granted and the order of joinder erroneously and improvidently made.

The first two reasons assigned by the additional defendant for the dismissal of defendant's petition may

be considered together for the purposes of this discussion inasmuch as they are both based upon the failure of defendant to aver that the additional defendant is alone liable to plaintiff, or that he is liable jointly or severally with the original defendant to plaintiff, or that the additional defendant is liable over to the original defendant. The practice which governs the summoning of additional defendants is founded upon Pa. R. C. P. 2252, which rule provides as follows in paragraph (a):

"After the defendant in an action has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him."

Paragraph (b) of the same rule provides as follows:

"The petition shall contain a statement framed in the manner and form required for the initial pleading of a plaintiff in an action at law, setting forth the residence and citizenship of the proposed additional defendant, the facts relied upon to establish his liability and the reasons for his joinder in the action."

It is to be noted that this rule requires the defendant to plead the facts upon which liability of the additional defendant is based, and "any statement of the legal theory of such liability is really surplusage and, although the defendant will be limited by his pleading as to the facts he will not be limited by any error he may have made in his pleading regarding the legal consequences of such facts": Goodrich-Amram Procedural Rules Service, sec. 2252(b)-4.

Clearly, the legal theory upon which a defendant relies is nothing more than a conclusion and the Supreme Court, in a recent case, Rau v. Manko et al., 341

Pa. 17, in construing the rule in question, has held that a defendant in his petition for leave to join an additional defendant, after averring the facts, may state legal conclusions in the alternative. See also Marino et al. v. Yellow Cab Co. of Philadelphia et al., 39 D. & C. 519. And, even before the adoption of the rule in question, it was held that a verdict of joint liability of the defendant and the additional defendant could be returned, even though the defendant had pleaded that the additional defendant was solely liable to plaintiff: Majewski et al. v. Lempka et al., 321 Pa. 369. If then it is permissible for a defendant to plead his legal conclusions in the alternative in such cases, can it be said that it is fatal if he neglects or fails to include in his petition any such conclusions whatever? We think not, for it is the facts upon which defendant relies that will establish the liability of the additional defendant, not defendant's legal theories or conclusions. In any event this objection would be cured by an amendment to the petition in which defendant might state his legal conclusions in the alternative.

We believe that defendant in his petition for joinder has set forth facts which constitute a cause of action to which the law involved may be applied and, in our opinion, the rule does not require defendant to aver the legal theories or conclusions to which those facts lead.

The additional defendant also complains that the petition for joinder is defective in substance, in that the averments thereof are conflicting and contradictory, and specifically refers to paragraph 7-i and paragraph 7-k, stating that, in the first paragraph above mentioned, defendant alleges a joint liability of the original defendant with the additional defendant or a sole liability upon the original defendant, while in paragraph 7-k he contends that the additional defendant is charged with sole liability to plaintiff. The paragraphs of defendant's petition for joinder read as follows:

Paragraph 7-i: "When defendant's driver, Howard Houston, was within ten to fifteen feet of the west line of Grant Street, and as the last of several westbound vehicles on said Grant Street passed, there approached from behind said westbound traffic and directly in front of defendant's truck and proceeding in a southerly direction, the car of Dama M. Shoaff, driven by A. Clyde Shoaff, host of Edna V. Matthews, and in which Edna V. Matthews was a guest. Howard Houston, defendant's driver, then applied his brakes and swung right to avoid an accident, but was unable to do so as the pavement was wet from rain, and slid into the car driven by A. Clyde Shoaff in which the plaintiff, Edna V. Matthews was a guest, on the south path of the south side of Grant Street."

Paragraph 7-k: "All of the injuries sustained and suffered by plaintiff were caused by the careless and negligent conduct of plaintiff and her host, A. Clyde Shoaff, in that said car driven by said A. Clyde Shoaff in which plaintiff was a guest in the driver's seat:

"(a) Entered said through highway without being so far in advance of approaching vehicles that, in the exercise of reasonable care, to be justified in believing that they could cross ahead of such vehicles without danger of collision;

(b) Entered said Grant Street without stopping and without continuing to look for approaching traffic and continuing to exercise care until the crossing was completed;

(c) Was going at a dangerous rate of speed for said intersection;

(d) Had a clear and unobstructed view of said intersection for more than 200 feet westward, and if they had been observing Grant Street they should have and could have seen defendant's truck and other traffic going both directions, and stopped before the collision."

The petition here is a pleading and as such must aver facts. We fail to perceive any factual inconsist-

encies or contradictions therein which should deprive defendant of the benefits of Pa. R. C. P. 2252, and while it may be possible to draw alternative conclusions of law from the facts as averred in the petition this is not prohibited by the rule and must be permitted or the use of third-party procedure must be unreasonably restricted, although the purpose of the rules was quite the contrary: Rau v. Manko et al., supra. In answer to the contention of counsel for the additional defendant made at the argument in this matter that if plaintiff fails to file a suplemental statement of claim under rule 2258 this petition will again be before the court for further examination upon the same ground, reference is again made to the case of Rau v. Manko et al., supra, where the following appears (p. 25):

"If the jury, on all the evidence, finds against both defendants, the original defendant will have the right to enforce contribution in this suit even though plaintiff can take nothing by the verdict against McBride [the additional defendant]. Rule 2262(b), provides: 'In every action in which an additional party has been brought upon the record, the court or the jury, as the case may be, in addition to any general verdict or finding, shall make such specific findings as will determine the liabilities of all parties inter se. The judgments entered in such action shall determine the liabilities of all parties inter se'. The court has power to control the form of the verdicts and also the judgments."

Further, it is the consistent policy of the courts to give full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors. This is especially true if the objections refer more to the manner of pleading than to a complete lack of a cause of action: Townsend et al. v. Universal Insurance Co., 129 Pa. Superior Ct. 188; see also Stevens v. Smith, 310 Pa. 287, where it is held that "Under present day practice and procedure we

will not foreclose a cause of action for defects resting more on form than want of substance".

The practice under these rules, obviously, is not well settled even though good pleading would seem to require that some legal theory or conclusion be stated. In any event, however, the facts developed at the trial will determine what liability, if any, rests upon the additional defendant and in accordance with the provisions of rule 2262(b), supra, the liabilities of all parties inter se may be determined.

From a careful consideration of the entire petition, we are of the opinion that the facts averred make out a prima facie case against the additional defendant and that the joinder is proper. Accordingly, we enter the following

### Order

Now, January 2, 1942, the motion to dismiss the petition and order of joinder of additional defendant, A. Clyde Shoaff, is overruled and refused and the additional defendant, A. Clyde Shoaff, is allowed 20 days from the date hereof in which to file his answer.