Roth et al., *v.* Golden Slipper Restaurant & Catering, Inc., et al., Appellants.

Argued October 3, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Irvin J. Kopf,* with him *Gabriel Berk,* for appellants.

*Joseph Skale,* for appellees.

OPINION BY ROSS, J., November 14, 1950:

This is an appeal from a summary judgment entered in favor of the plaintiffs in an assumpsit action.

The action was brought to recover $1200.00, representing rent paid in advance by the plaintiffs as tenants to the defendant-lessor corporation. The individual defendants are alleged to have guaranteed payment of the $1200.00 by the corporation. The plaintiffs' case is based upon the following averments in the complaint: On March 14, 1949, the defendant corporation and the plaintiffs entered into a written lease agreement under which the defendant, which conducts a cabaret and catering business, did "lease, give and grant" to the plaintiffs "the hat check concessions and the right to sell cigars, cigarettes, toys and novelties and to take photographs in said cabaret and at the banquets to be held in said premises". The plaintiffs, for their part, agreed "to conduct the hat checking privileges in an efficient, dignified and orderly manner". The agreed rental for the two-year term was $3,-600.00, payable in the sum of $3,000.00 upon the execution of the agreement and $600.00 payable on February 1, 1950. By paragraph 6 of this lease the plaintiffs were given the "right and option to terminate" the agreement by giving written notice to the defendant-lessor not later than December 15, 1949, in which event, and upon the plaintiffs' vacating the premises by February 14, 1950, the defendant agreed to "refund and pay to the tenants" the sum of $1200.00 "upon de-

mand". Plaintiffs aver the giving of notice as required in paragraph 6 of the lease, and a refusal of the defendant to refund the $1200.00. They do not, however, aver that they vacated the premises by February 14, 1950—a condition precedent to their right to the refund—and if it were necessary, this appeal might well be decided upon the plaintiffs' failure to make this material averment.

The defendants' answer admitted the making of the lease, a timely and proper request for a refund, and a refusal by the defendant-lessor to make the refund as it had agreed to do in paragraph 6 of the lease agreement. Defendants' answer, however, avers that the plaintiffs are not entitled to the refund because they "violated the terms of the agreement in that they failed to conduct the hat checking privileges in an efficient, dignified and orderly manner". It is further alleged that the "plaintiffs absented themselves from the premises for unreasonable periods of time, all to the detriment of the defendants' business". To this answer the plaintiffs filed preliminary objections, based primarily on the contention that the alleged violation of the lease by them would not be a defense to the repayment of the $1200.00. The court below sustained the objections and without giving defendants an opportunity to amend their answer, entered judgment against them, and they took this appeal.

The first question for our determination is whether a breach of plaintiffs' agreement to conduct the hat checking privileges in an "efficient, dignified and orderly manner", if proved, entitles the defendant-lessor to retain the advance rent. It is our conclusion that this question must be answered in the negative. Covenants in leases are mutually independent unless in terms expressly conditional. "Non-performance of a covenant by one party to a lease or other conveyance of land, unless performance of the covenant is an express con-

dition, does not excuse the other party from performing his covenants . . . ." Restatement, Contracts, sec. 290. See also Williston on Contracts, sec. 890, and *McDanel v. Mack Realty Co.*, 315 Pa. 174, 172 A. 97. An examination of the covenant upon which the plaintiffs have based this action discloses that their right to the refund is expressly conditioned *only* upon the giving of notice and vacating the premises before a certain date. There is in the lease no basis for finding that the plaintiffs' right to the refund is further conditioned, even impliedly, by their covenant, to "conduct the hat checking privileges in an efficient, dignified and orderly manner".

While we conclude that the plaintiffs' covenant to conduct the hat checking concession in a specified manner and the defendant's covenant to return the advance rent are independent, and that, therefore, a defense predicated on an alleged breach of the plaintiffs' covenant is insufficient, it does not necessarily follow that the summary judgment entered against the defendant must be permitted to stand. The power to enter summary judgment is intended only for clear cases, and any doubt should be resolved against the entry of such judgment. *National Cash Register Co. v. Ansell,* 125 Pa. Superior Ct. 309, 189 A. 738; *Davis v. Investment Land Co.,* 296 Pa. 449, 146 A. 119; *Koehring Co. v. Ventresca,* 334 Pa. 566, 6 A. 2d 297.

Although it seems clear that the defendant corporation has no right to retain the advance rent by reason of the plaintiffs' breach of covenant, it is equally clear that if defendant can prove a breach of covenant and damage resulting therefrom, it may bring an action founded upon such breach. However, it would be preferable to resolve the entire controversy in this one action rather than to turn the defendant out of court to pursue his indicated remedy in a separate action. Pa. R.C.P. 1031 provides: "(a) The defendant may set

forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual. (b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief exceeding in amount or different in kind from that demanded by the plaintiff."

In *Townsend v. Universal Ins. Co.*, 129 Pa. Superior Ct. 188, 195 A. 167, at page 191, we stated: "It is the consistent policy of the courts to give full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors. That is especially true if the objections refer more to the manner of the pleading than to a complete lack of a cause of action. If the pleading is vague or insufficient and it appears that a clear and adequate statement of facts can be averred, permission should be given to amend. It is always desirable to dispose of litigation on the merits, if possible." Where a defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend. *Holladay v. Fidler*, 158 Pa. Superior Ct. 100, 43 A. 2d 919.

It is our conclusion that it would further this "consistent policy of the courts" and prevent a multiplicity of actions by granting leave to the defendants in this action to amend their answer to include a counterclaim based on the plaintiffs' alleged breach of covenant.

Judgment reversed with a procedendo.