## Provident National Bank v. Eckhardt

*Walter Weir, Jr.*, for plaintiff.
*Harry J. Agzigian*, for defendants.

KELTON, *J.*, September 12, 1979—This is an action of mortgage foreclosure. Defendants have filed a responsive answer, new matter and counterclaim in which they contend that plaintiff bank improperly applied some of defendants' jointly held bank accounts to payment of other bank debts to which defendant wife was allegedly not a party. The bank has filed as preliminary objections a motion to strike the counterclaim contending that the matters of defense do not arise out of the same transaction as the mortgage claim.

We overrule plaintiff's preliminary objections to the new matter and counterclaim and hold that under the circumstances pleaded the defendants' counterclaim arises from ". . . the same . . . series of transactions or occurrences from which the plaintiff's cause of action arose . . ." within the meaning of Pa.R.C.P. 1148.

On June 12, 1979, plaintiff Provident National Bank filed a complaint in mortgage foreclosure against defendants, Jack and Dorothy Eckhardt. In their answer, new matter and counterclaim, defendants set forth a counterclaim in two counts

against plaintiff. In Count I they allege that on or about March 13, 1979, plaintiff bank illegally took jointly owned bank certificates and deposits of defendants in the possession of plaintiff and applied them to a debt due plaintiff from S & M Trailer Repair, Inc.

It is alleged by plaintiff and denied by defendants that both the husband and wife defendants guaranteed the payment of the corporate debt. Defendants allege further that an August 6, 1976, surety agreement purportedly signed by both defendants is a forgery as to the signature of defendant Dorothy Eckhardt. Moreover, defendants claim that plaintiff was made aware of these facts and, after due demand, still refused to return these moneys to defendants' proper accounts. Thus, defendants demand judgment against plaintiff in the amount of $13,984.39.

Count II of defendants' counterclaim alleges that plaintiff's actions in this regard were "intentional, knowing, fraudulent and unlawful" which caused great financial hardship to defendants in addition to "visiting great mental and emotional stress upon both defendants." Therefore, defendants demand punitive damages against plaintiff in the amount of $250,000.*

Pa.R.C.P. 1148 relating to an action of mortgage foreclosure provides: "A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." Based on plaintiff's complaint, we find that

---

*The question of the particularity of the "fraud" pleading is not before the court. See Pa.R.C.P. 1019(b).

plaintiff itself treated the matters relating to the S & M Trailer Repair, Inc. loan and the respective delinquencies from that loan and a consumer installment loan of the individual defendants as arising from the same series of transactions or occurrences giving rise to the mortgage debt. In fact, the loan agreement itself and the mortgage which was given as security for that loan each refer to the other and both that loan and the S & M Trailer loan are incorporated into a single demand for payment addressed to the individual defendants.

The language of Pa.R.C.P. 1148 is identical with Rule 1046, relating to actions in trespass and is similar to Rule 1056(a), relating to ejectment, Rule 2229, relating to joinder of parties and Rule 2256, relating to joinder of additional defendants. It is also similar to Rule 1031, relating to actions in assumpsit. As the Pennsylvania Superior Court pointed out in Roth v. Golden Slipper Restaurant & Catering, Inc., 167 Pa. Superior Ct. 558, 559, 76 A. 2d 475, 477 (1950), cited in Genel v. Vacca, 39 Del. Co. 191, 193 (1952), these rules are in furtherance of a consistent policy of the courts to resolve an entire controversy in one action rather than to turn defendant out of court to pursue his remedy in a separate action. See Jones v. Auto Rental Company, 63 D. & C. 207, 210 (1948), and Steen v. Miskiel, 16 Bucks 446, 448 (1966). In Genel, the mortgagor defendant alleged an agreed upon set off against the mortgage debt by reason of construction work which defendant had performed on property of plaintiff. The Genel court found this was a sufficient allegation of a series of transactions which would bring defendants' counterclaim within the class permitted by Rule 1148.

The transaction to which Rule 1148 refers is not necessarily confined to the facts averred in the complaint, and defendant may aver new facts and show the entire transaction, and then counterclaim upon the stated facts as the transaction upon which the plaintiff's claim is founded: Lenker v. Boyer, 85 D. & C. 531, 24 Northumb. 139, 143-44 (1952) (assumpsit counterclaim to trespass complaint held appropriate where same series of transactions was involved).

## ORDER

And now, September 12, 1979, plaintiff's preliminary objections are denied and overruled, with leave to plaintiff to file a reply within 20 days hereof.