# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Duane Marcel Holmes, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 102 C.D. 2018 |
| City of Allentown, Lehigh County, | : | |
| Lehigh County District Attorney's | : | Submitted: June 29, 2018 |
| Office, James B. Martin, Esq. | : | |
| /District Attorney, Steven M. | : | |
| Luksa, Esq./Assistant District Attorney | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                     HONORABLE ROBERT SIMPSON, Judge
                     HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                     **FILED: August 9, 2018**

Duane Marcel Holmes (Holmes), representing himself, appeals from an order of the Court of Common Pleas of Lehigh County (trial court) that sustained preliminary objections and dismissed his civil replevin complaint with prejudice. Upon review, we reverse in part, vacate the trial court's order in part, and remand for further proceedings.

## I. Background

In 2015, Holmes was convicted of receiving stolen property in connection with a 2014 burglary. He is presently incarcerated as a result of that conviction. During their investigation of Holmes, police seized a number of items from his home and vehicle, as well as the vehicle itself.

In 2015, following his conviction, Holmes sought return of the seized property pursuant to Pa. R. Crim. P. 588(A).[1] Reproduced Record[2] (R.R.) at 88a-89a. The Commonwealth agreed to return all but seven items. R.R. at 101a. Those seven items, the Commonwealth argued, were subject to common law civil forfeiture as derivative contraband based on an alleged nexus between the items at issue and Holmes's criminal activity. After hearing evidence, the trial court concluded there was a sufficient nexus between Holmes's criminal activity and six of the items to support a civil forfeiture.[3] R.R. at 103a. The trial court ordered that the seventh item, $255.57 in cash, be returned to Holmes.[4] R.R. at 93a. There was no appeal of the trial court's order.

---

[1] Rule 588(A) provides:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa. R. Crim. P. 588(A).

[2] Holmes was not required to file a reproduced record, but the City filed one.

[3] Those items were Holmes's automobile, a drone and two attachments, a transport case with foam inserts, and a camouflage jacket. Reproduced Record (R.R.) at 251a.

[4] Holmes contends the money was never returned to him. Although the City of Allentown (City) admits its police is still in possession of the money, it avers, without any explanation, that "despite due diligence by the City, such currency could not be returned to [Holmes]." R.R. at 76a.

2

In January 2017, this Court issued its en banc decision in Commonwealth v. Irland, 153 A.3d 469 (Pa. Cmwlth.), appeal granted,[5] 169 A.3d 1052 (Pa. 2017). In Irland, this Court concluded the doctrine of common law forfeiture has never been part of the law of Pennsylvania. We explained:

> The dispositive question presented on appeal is whether the doctrine of common law forfeiture exists in Pennsylvania and can serve as a legal basis to allow the Commonwealth to forfeit any property with a 'nexus' to a crime absent any statutory authority to do so. We conclude that common law forfeiture, as that concept originated and developed in England, was never incorporated into or became part of our Commonwealth's common law tradition. Based upon our research, the Commonwealth's organic law, namely Article 9, Sections 18 and 19 of the Pennsylvania Constitution of 1790, denounces and effectively abolishes any notion of common law forfeiture and that the predominate, if not unanimous, weight of the authority has determined that common law forfeiture never made it across the seas to America. Therefore, absent a statute that specifically authorizes the forfeiture of property, the Commonwealth and the courts have no authority to seek and order forfeiture of so-called derivative contraband.

Id. at 471 (footnote omitted).

In May 2017, Holmes filed another petition in the trial court under Pa. R. Crim. P. 588(A) (Second Petition) for the return of his property. R.R. at 105a. He argued this Court's intervening decision in Irland meant the Commonwealth's seizure of his property was void, illegal, and unconstitutional, inasmuch as the

_____

[5] Our Supreme Court heard oral argument on the appeal in November 2017. The Court's decision is pending.

3

common law doctrine applied by the trial court in support of forfeiture never existed in Pennsylvania.[6] Id.

In July 2017, the trial court issued an order denying the Second Petition as "duplicative" of Holmes's 2015 petition. R.R. at 107a. The trial court did not address Holmes's argument concerning the effect of our decision in Irland. See id. Holmes again did not appeal the trial court's order.

Instead, Holmes filed a further petition virtually identical to the Second Petition but labeled "3rd Request" (Third Petition). R.R. at 109a. In August 2017, the trial court denied the Third Petition in an order identical to its July 2017 order. R.R. at 111a. Once again, Holmes did not appeal.

In August 2017,[7] Holmes filed a civil complaint in replevin against the City of Allentown (City), Lehigh County (County), the Lehigh County District Attorney's Office, Lehigh County District Attorney James B. Martin, and Lehigh County Assistant District Attorney Steven M. Luksa. As in his Second and Third Petitions to the trial court under Pa. R. Crim. P. 588(A), Holmes sought return of his property (or payment of its value) based on this Court's decision in Irland.

---

[6] The parties dispute the applicability of Commonwealth v. Irland, 153 A.3d 469 (Pa. Cmwlth.), appeal granted, 169 A.3d 1052 (Pa. 2017) to civil forfeitures predating that decision. In light of our disposition of this appeal, we do not reach that issue.

[7] Although the complaint is dated in August 2017, the trial court's date stamp indicates the complaint did not reach the court until September 2017. However, as discussed further below, the prisoner mailbox rule applies to this case and provides that civil filings by unrepresented prisoners are deemed filed when delivered to prison officials. See Kittrell v. Watson, 88 A.3d 1091 (Pa. Cmwlth. 2014). The exact filing date of the complaint does not affect our disposition of this appeal.

All Defendants filed preliminary objections to the complaint. The Lehigh County District Attorney's Office, James B. Martin, and Steven M. Luksa (collectively, DA Defendants) filed joint preliminary objections on November 7, 2017. R.R. at 37a. The City filed its preliminary objections on November 8, 2017. R.R. at 73a. The County filed its preliminary objections on November 17, 2017. R.R. at 146a. Of significance, only the County endorsed its preliminary objections with a notice to plead. See Pa. R.C.P. No. 1026(a). Defendants asserted various preliminary objections including improper service, insufficient specificity, legal insufficiency, immunity, failure to conform to law, collateral estoppel, and *res judicata*.

Holmes filed a petition for leave to amend his complaint (Petition to Amend). The Petition to Amend was dated November 23, 2017, less than 20 days after the DA Defendants filed their preliminary objections. Holmes attached a proposed amended complaint adding a civil rights claim under 42 U.S.C. §1983 (Section 1983), as well as additional factual averments. The trial court date-stamped the Petition to Amend, as well as the attached amended complaint, as received on December 4, 2017, notably still within 20 days after the County filed its preliminary objections.

On December 13, 2017, the trial court dismissed Holmes's complaint with prejudice, stating that Holmes failed to respond to Defendants' preliminary objections and that there would be no benefit to allowing Holmes to amend the complaint. By orders dated December 15 and 20 of 2017, the trial court dismissed the remaining Defendants' preliminary objections as moot in light of its prior

dismissal of the action. On January 2, 2018, the trial court entered an order denying the Petition to Amend, based on the December 13, 2017 dismissal of the complaint with prejudice.

Holmes filed a request for reconsideration, which the trial court denied. This timely appeal of the December 13, 2017 order followed.

## II. Issues

On appeal,[8] Holmes argues that by application of the prisoner mailbox rule, he timely filed the Petition to Amend, constituting an amended complaint as of right, after Defendants filed their preliminary objections. He also asserts lack of timely notice of the preliminary objections, contending he was thereby deprived of an opportunity to respond to them before the trial court dismissed his complaint. Holmes further contends he was legally permitted to file his Section 1983 action separately from his petition for return of property under Pa. R. Crim. P. 588(A).

Only the DA Defendants challenge the timeliness of Holmes's filing of the Petition to Amend. They argue Holmes failed to demonstrate his compliance

---

[8] This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. Kull v. Guisse, 81 A.3d 148 (Pa. Cmwlth. 2013), appeal denied, 91 A.3d 163 (Pa. 2014). A trial court may sustain preliminary objections only if it appears with certainty that the law will not allow recovery. Id. All well-pled facts in the complaint and all reasonable inferences from those facts are accepted as true. Id. However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. Id.

with the prisoner mailbox rule by submitting supporting documents showing the date on which he submitted the Petition to Amend to prison officials.[9]

In response to Holmes's concise statement of errors complained of on appeal, the trial court issued an opinion pursuant to Pa. R.A.P. 1925(a). The trial court concluded the prisoner mailbox rule was irrelevant because no action adverse to Holmes was taken based on untimeliness of any of Holmes's filings. The trial court also opined that Section 1983 was irrelevant, inasmuch as the trial court denied the Petition to Amend because Holmes's civil action was duplicative of his Pa. R. Crim. P. 588(A) filings, a defect the trial court found could not be cured by amendment. In the trial court's view, the civil action was simply an effort to circumvent the prior rulings on Holmes's petitions for return of his property through the criminal case. Thus, the trial court concluded its disposition of Holmes's petitions under Pa. R. Crim. P. 588(A) collaterally estopped him from filing a separate civil action under any legal theory. The trial court also observed that although Holmes filed the Petition to Amend, he did not answer Defendants' preliminary objections.

### III. Discussion
### A. The Prisoner Mailbox Rule

A plaintiff may file an amended complaint as of right within 20 days after the defendant files preliminary objections to the complaint. Pa. R.C.P. No.

---

[9] Holmes attached some documents to his reply brief and asserts that they exemplify typical delays by prison officials in transmitting legal documents. However, they are not part of the record in this case, and we will not consider them. Associacion De Puertorriquenos En Marcha, Inc. v. Dep't of Health, 931 A.2d 752 (Pa. Cmwlth. 2007).

1028(c)(1). Where a prisoner, representing himself, seeks to file a legal document, the "prisoner mailbox rule" provides that the document is deemed filed when the prisoner places it in the hands of prison officials, rather than when it is actually received by the court. Kittrell v. Watson, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). The prisoner mailbox rule applies to all prisoner filings, including those in civil actions. Id. (citing Thomas v. Elash, 781 A.2d 170 (Pa. Super. 2001); Commonwealth v. Cooper, 710 A.2d 76 (Pa. Super. 1998)).

When an unrepresented plaintiff files a motion to amend his complaint during the period when the complaint is amendable as of right, and the motion contains new averments of fact rather than simply an answer to the preliminary objections, the trial court should treat the request itself as constituting an amended complaint. Scott v. Commonwealth (Pa. Cmwlth., No. 1557 C.D. 2013, filed March 7, 2014), 2014 Pa. Commw. Unpub. LEXIS 154 (unreported). In such a circumstance, the trial court errs by sustaining the preliminary objections and denying the motion to amend. Id.

Here, the Petition to Amend was dated November 23, 2017, during the period when Holmes was allowed to amend his complaint as of right. Although the motion was not received and date-stamped by the court until December 4, 2017, the trial court stated it did not base any of its rulings on the filing date of Holmes's document.

**B. The County's Preliminary Objections**

As stated above, the County was the only Defendant to endorse its preliminary objections with a notice to plead directing Holmes to respond within 20 days. The County filed its preliminary objections on November 17, 2017. Holmes filed the Petition to Amend, at the latest, on December 4, 2017, only 17 days after filing and service of the County's preliminary objections. Regarding the County, therefore, there is no question Holmes filed the Petition to Amend within the 20-day period for amending his complaint as of right.

In this situation, we find the reasoning of <u>Scott</u> persuasive. Like the plaintiff in <u>Scott</u>, Holmes filed the Petition to Amend, containing new factual averments, within the time period for filing an amended complaint as of right. Moreover, unlike the plaintiff in <u>Scott</u>, Holmes actually attached his proposed amended complaint to the Petition to Amend. As against the County, therefore, the trial court should have treated the Petition to Amend as an amended complaint, properly filed as of right. <u>Id.</u>

Preliminary objections are moot once a plaintiff files an amended complaint as of right. Pa. R.C.P. No. 1028(c)(1); <u>Ballroom, LLC v. Commonwealth</u>, 984 A.2d 582 (Pa. Cmwlth. 2009); <u>Parnell v. Wetzel</u> (Pa. Cmwlth., No. 1737 C.D. 2014, filed July 24, 2015), 2015 Pa. Commw. Unpub. LEXIS 541 (unreported); <u>accord</u> Pa. R.C.P. No. 1028(f) (defendant must file new preliminary objections to amended complaint). As a result, once the plaintiff files an amended complaint as of right, an order purporting to sustain the preliminary objections and dismiss the

9

original complaint is a nullity.[10]  Francesco v. Grp. Health Inc., 964 A.2d 897 (Pa. Super. 2008).

Here, the trial court indisputably dismissed the entire action despite Holmes's timely amendment of his complaint as of right in response to the County's preliminary objections.  The trial court lacked authority to do so.  Accordingly, we reverse the dismissal of the action as against the County.

### C. Preliminary Objections of the DA Defendants and the City
### 1. Timeliness of Filing the Amended Complaint

Disposition of Holmes's appeal concerning the DA Defendants and the City requires a somewhat different analysis.  The trial court's date stamp shows the Petition to Amend reached the trial court on December 4, 2017, more than 20 days after service of the DA Defendants' preliminary objections on November 7, 2017 and the City's preliminary objections on November 8, 2017.  Therefore, whether the Petition to Amend must be deemed a timely amended complaint as of right under Pa. R.C.P. No. 1028(c)(1) and the prisoner mailbox rule depends on the exact date when Holmes placed the Petition to Amend in the hands of prison officials.  As the record does not establish that date with certainty, we remand for an evidentiary hearing by the trial court on the timeliness issue.  See Kittrell.

---

[10] We do not address the merits of the various preliminary objections to the original complaint asserted by the County and sustained by the trial court.  See Ballroom, LLC v. Commonwealth, 984 A.2d 582 (Pa. Cmwlth. 2009) (remanding to trial court without addressing preliminary objections including improper service, lack of standing, insufficient specificity, legal insufficiency, and immunity).  The County must assert its preliminary objections, if any, in response to the amended complaint.  See Pa. R.C.P. No. 1028(f).

## 2. Allowance of Untimely Pleading

However, even a determination on remand that the Petition to Amend was untimely as an amended complaint as of right under the prisoner mailbox rule will not dispose of Holmes's claims against the DA Defendants and the City. Those Defendants did not endorse their preliminary objections with notices to plead. Under Pa. R.C.P. No. 1026(a), a party need not file a responsive pleading to a prior pleading not endorsed with a notice to plead. Rather, in the absence of a notice to plead, averments in the prior pleading are deemed denied. Chester Upland Sch. Dist. v. Yesavage, 653 A.2d 1319 (Pa. Cmwlth. 1994) (citing Pa. R.C.P. No. 1029(d)); Cooper v. Church of St. Benedict, 954 A.2d 1216 (Pa. Super. 2008). Therefore, to the extent the trial court dismissed Holmes's complaint against the DA Defendants and the City because he did not answer their preliminary objections, the dismissal constituted error.

Further, the 20-day pleading requirements of the Rules of Civil Procedure are not mandatory, and late pleadings should be liberally permitted unless the delay caused prejudice to the opposing party. Humphrey v. Dep't of Corr., 939 A.2d 987 (Pa. Cmwlth. 2007); Chester Upland (citing Paulish v. Bakaitis, 275 A.2d 318 (Pa. 1971); Fisher v. Hill, 91 A.2d 860 (Pa. 1951)). In the absence of such prejudice, refusal to entertain a late pleading constitutes an abuse of discretion. Mistick v. City of Pittsburgh, 646 A.2d 642 (Pa. Cmwlth. 1994) (citing Pa. R.C.P. No. 126, requiring liberal construction of the Rules of Civil Procedure) (additional citations omitted).

Refusal to allow an amendment, based solely on delay, is likewise an abuse of discretion. Id. "It is the consistent policy of the courts to give full opportunity to parties to plead their cause of action, if they have one, and not turn them out of court for technical errors." Id. at 644 (citing Roth v. Golden Slipper Rest. & Catering, Inc., 76 A.2d 475 (Pa. Super. 1950)).

Here, the trial court should have either accepted the Petition to Amend as an amended complaint filed as of right, even if slightly out of time, or directed Holmes to answer the preliminary objections of the DA Defendants and the City. Holmes's proposed amended complaint was late, if at all, by at most a few days. The DA Defendants and the City did not allege any prejudice. The trial court did not point to any indication of prejudice arising from any slight delay in the filing of the Petition to Amend or amended complaint. Indeed, the trial court waited until December 13, 2017 to issue its decision on the County's preliminary objections, specifically because it was waiting to allow time for any filing by Holmes to reach the court. Unless the DA Defendants and the City can demonstrate prejudice on remand, Holmes's amended complaint should not be refused based solely on a minor delay, if any, in filing.

### 3. Disposition of the Petition to Amend

If the trial court declines to treat the Petition to Amend as an amended complaint as of right, the trial court must still consider and dispose of the Petition to Amend. Unlike the amended complaint, the Petition to Amend was not subject to any pleading deadline. See Pa. R.C.P. No. 1033(a) (party may file amended pleading by leave of court "at any time"). The trial court denied the Petition to Amend not

12

because of untimeliness, but because it previously dismissed the complaint. Notably, however, the Petition to Amend was already pending before the trial court entered its order dismissing the complaint.

A trial court should liberally grant a request to amend a pleading at any stage of the proceedings unless to do so would contravene a positive rule of law or cause prejudice to an opposing party. Connor v. Allegheny Gen. Hosp., 461 A.2d 600 (Pa. 1983); Miller v. Stroud Twp., 804 A.2d 749 (Pa. Cmwlth. 2002). Here, the current record does not establish whether either basis exists for denial of the Petition to Amend. The trial court may consider such issues on remand, should it reach them.

### IV. Conclusion

The Petition to Amend, including its attached amended complaint, should have been treated as an amended complaint filed as of right with regard to the County. Accordingly, the filing of the amended complaint rendered the County's preliminary objections moot.

The record does not establish whether the amended complaint was timely with regard to the DA Defendants and the City. However, even if untimely, it was at most a week late. In addition, Holmes was not required to answer the preliminary objections of the DA Defendants and the City, because those preliminary objections were not endorsed with notices to plead.

In the event the trial court declines to deem the amended complaint as timely filed, separate disposition of the Petition to Amend is necessary.

Based on the foregoing analysis, we reverse the trial court's dismissal as to the County. We vacate the trial court's orders as to the DA Defendants and the City and remand for further proceedings consistent with this opinion.[11]

Ultimately, it is unclear how Holmes's current claims, which appear to be based on the same facts as alleged in his three petitions for return of property, survive his failure to appeal in those cases. Nevertheless, it is premature to reach the preclusion issues, or any other substantive issue raised in the preliminary objections, at this time.

ROBERT SIMPSON, Judge

---

[11] The trial court's orders dated December 15, 2017, December 20, 2017, and January 2, 2018 all depended on the prior dismissal of the action in the December 13, 2017 order that is the subject of this appeal. Thus, vacating the December 13, 2017 order renders the three subsequent orders invalid, including the January 2, 2018 order denying the Petition to Amend. See Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2006) (vacating prior order directly affected validity of subsequent order issued in reliance on vacated order).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duane Marcel Holmes,                :
                    Appellant       :
                                    :
            v.                      :    No. 102 C.D. 2018
City of Allentown, Lehigh County,   :
Lehigh County District Attorney's   :
Office, James B. Martin, Esq.       :
/District Attorney, Steven M.       :
Luksa, Esq./Assistant District Attorney  :

# O R D E R

**AND NOW**, this 9th day of August, 2018, the order of the Court of Common Pleas of Lehigh County dated December 13, 2017 is **REVERSED** as to the dismissal of the action against the County. The order is **VACATED** as to the remaining Defendants. This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge