576 A.2d 95

Alexander McNAIR, Appellant

v.

David OWENS, Superintendent, Pennsylvania Department of Corrections and Fred W. Jacobs, Chairman, Board of Probation and Parole, Appellees.

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided June 4, 1990.

358

Leonard N. Sosnov, Asst. Defender, with him, Elaine DeMasse, Asst. Defender, Deputy Chief, John W. Packel, Asst. Defender, Chief, Appeals Div., and Benjamin Lerner, Defender, for appellant.

Frederick C. Smith, Jr., Asst. Counsel, for appellees.

Before CRAIG and COLINS, JJ., SILVESTRI, Senior Judge.

CRAIG, Judge.

Alexander McNair appeals a decision of the Court of Common Pleas of Philadelphia County that denied his habeas corpus petition on jurisdictional grounds. McNair appealed that decision to the Superior Court, which transferred the appeal to this court.

Despite the seemingly simple historical description above, this matter presents a jurisdictional puzzle.

McNair's habeas corpus petition states the factual claims.

In 1965, a jury found McNair guilty of aggravated robbery; the trial judge sentenced him to two-to-ten years in a state correctional institution.

Because McNair began his incarceration on March 1, 1966, his earliest potential parole date was March 1, 1968, and the maximum date was March 1, 1976. On December 6, 1971, state prison authorities released McNair from the correctional institution where he was imprisoned, allegedly because his mother was ill. Thus, at that time, he had served approximately five years and nine months of his original sentence.

In *May 1987*, a Philadelphia County assistant district attorney filed a complaint alleging that McNair had escaped on *July 17, 1972* by failing to return to custody at the Philadelphia Community Treatment Center.

On June 12, 1987, the trial court discharged that escape charge for lack of prosecution. On June 17, 1987, the state Department of Corrections took McNair into custody and confined him to a state correctional institution as an alleged escapee.

On June 26, 1987, the department issued a status change report, without holding a hearing, stating that it was adding 5,428 days to McNair's sentence, for escape time, and recomputing his minimum and maximum sentence to a new minimum date of January 9, 1983, and a new maximum date of January 9, 1991.

Then, on June 30, the department held a hearing, at which McNair was not represented by counsel. The department concluded that McNair had escaped, and confirmed its June 26 recomputation. The Pennsylvania Board of Probation and Parole released McNair on parole on October 14, 1987. McNair is to continue on parole under the jurisdiction of the board until January 9, 1991, the maximum sentence date as recomputed by the department.

McNair filed his habeas corpus petition on April 13, 1988, nearly one year after the department's recomputation decision. The petition further alleges that the department released him to his own home, not to a community treatment center; that he was not confined to a center; and that he did not escape on July 17, 1972. He also alleges that the release to his home, whether authorized or not, vested in him a due process and legal right to rely on that official action—without fear of being returned as an escapee.

The petition claims that McNair's sentence expired on March 1, 1976, and thus, that the department had no power to take him into custody ten years after the expiration of that sentence. McNair also claims that laches should have precluded state correctional authorities from taking action against him, because fifteen years had elapsed since his alleged escape, and that the state's action violates constitutional principles of fundamental fairness.

Finally, McNair's petition alleges that the department's recomputation violates due process, double jeopardy and the separation of powers doctrine, and requests the trial court to grant his petition so that he may permanently be released from the custody and the threat of custody of the department and the board.

■ The trial court was correct in recognizing that this court does not have jurisdiction over habeas corpus petitions. 42 Pa.C.S. § 761(a)(1). However, that court concluded that McNair's petition is not a true habeas corpus petition, and indicated its opinion that the petition is really a

matter within this court's original jurisdiction under 42 Pa.C.S. § 761.

When the trial court dismissed the petition, after having concluded that Commonwealth Court has jurisdiction, that action was inconsistent with section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, which provides:

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, *the court* or district justice *shall not* quash such appeal or *dismiss the matter, but shall transfer the record thereof to the proper court* or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferred court or magisterial district on the date first filed in a court or magisterial district. (Emphasis added).

 Thus, if the trial court were correct in concluding that this court has jurisdiction over McNair's petition, either because McNair was asking for relief available through an action in our original jurisdiction (as the opinion suggests), such as mandamus (where, for example, a prisoner might claim that the department made incorrect calculations), or in our appellate jurisdiction, as a late appeal (assuming the bureau's action constitutes an adjudication from which an appeal may be taken, perhaps arguing that McNair had a constitutional right to counsel at the hearing, which, if correct, would permit a late appeal of the administrative decision [1]), the proper action for the common pleas court would have been to transfer the matter to this court.

1. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) suggests in dicta that, although an inmate in a disciplinary proceeding does not have a constitutional right either to retained or appointed counsel, when an illiterate inmate is involved, or when the complexity of the issue makes it unlikely that the inmate will be able to present evidence for an adequate appraisal of the proceeding, he should be free to enlist the aid of a fellow inmate or staff. The court has not extended the right to counsel to prisoners involved in disciplinary proceedings. *Gagnon v. Scaparelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and two Pennsylvania court decisions, *Bronson v. Commonwealth Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *Coades v. Pennsylvania Board of Probation and*

Nevertheless, after the trial court dismissed the matter, counsel for McNair, who continues to argue that the matter is a true habeas corpus petition, acted consistently with that view by appealing to the Superior Court, which has jurisdiction to hear appeals from a common pleas court's dismissal of a habeas corpus petition. However, the Superior Court, in a per curiam order, apparently after reviewing the petition and the trial court's decision, transferred the matter to this court. The Superior Court did not indicate whether it considered this matter a late appeal from the department's decision that McNair had escaped, or an action in mandamus seeking a recalculation of McNair's sentence.

■ Although the Superior Court would be the proper forum to review the dismissal of a purported habeas corpus petition, this court may nevertheless do so, under Pa.R.A.P. 741(a), 751.

### Habeas Corpus Petition

McNair does not challenge the legality of his original sentence; he does challenge the legality of the department's custody over him based on its determination that he has not completed his sentence.

McNair never sought judicial review of the department's recomputation.

■ The administrative procedure applicable to an alleged escape is governed by BC–ADM 801; that administrative directive characterizes escape (the determination of which, in McNair's case, was the basis of the bureau's recalculation) as a Class I Misconduct. As BC–ADM 801 states, and the record here confirms, the recomputation was subject to review by the Program Review Committee. Review beyond that is by the Central Office Review Committee.

*Parole,* 84 Pa.Commonwealth Ct. 484, 480 A.2d 1298 (1984), suggest in dicta that a parolee may have a constitutional right to counsel in certain circumstances, such as where a parolee claims that he has not committed the violation of which he is accused.

In *Ricketts v. Department of Corrections*, 125 Pa.Commonwealth Ct. 670, 557 A.2d 1180 (1989), this court concluded that matters subject to the Central Office Review Committee of the department do not involve final adjudications from which a party may take an appeal to this court.

■ Also, the courts have concluded that the recalculation of a sentence to reflect time a prisoner spends on unauthorized absences is a function which a records officer may perform, even without a conviction for escape. *Poindexter v. Pennsylvania Board of Probation and Parole*, 47 Pa.Commonwealth Ct. 183, 407 A.2d 480 (1979).

■ Therefore, as indicated above, under *Ricketts*, judicial review of the department's recomputation is not available in our appellate jurisdiction. Also, as an action in mandamus, we could not review the bureau's determination that McNair had escaped because such a determination is not ministerial and thus not within the scope of mandamus.

■ The Supreme Court's decision in *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983), supports McNair's position. The court stated:

> Since this appeal is properly construed as a challenge to action by the Bureau of Corrections and is not a direct or collateral attack on the conviction or sentence imposed by the trial court it is not properly brought under the Post–Conviction Hearing Act. See 19 P.S. § 1180–3(c). Consequently, appellant may resort to the writ of habeas corpus ad subjudiciendum. See *Commonwealth ex rel. Woods v. Howard*, 249 Pa.Superior Ct. 428, 378 A.2d 370 (1944). That well known remedy for deliverance from illegal confinement is particularly suited to the wrong alleged in this case, illegal detention resulting from an incorrect computation of appellant's sentence by prison officials. *Isabell*, 503 Pa. at 10, 467 A.2d at 1291. (Footnote omitted.)

Thus, the only meaningful method by which McNair may challenge the department's present parole custody is through a petition for habeas corpus.

Clearly, the key questions to be resolved are factual ones for a trial court conducting an evidentiary hearing. What was the nature of McNair's release in 1971? Was he guilty of an escape or not?

Therefore, the proper course in this matter is to reverse the trial court's decision and remand the petition to the common pleas court for a hearing on the merits of McNair's petition, to determine under what terms the authorities released McNair in 1971 and also whether he thereafter committed an escape.

The decision in this case was reached before the retirement of former President Judge CRUMLISH.

## ORDER

Now, June 4, 1990, the decision of the Court of Common Pleas of Philadelphia County at CP No. 6508414, dated April 19, 1988, dismissing a habeas corpus petition is reversed, and this case is remanded to the trial court to determine, in an evidentiary proceeding, (1) the nature and terms of the 1971 release from incarceration, and (2) whether the appellant thereafter was guilty of committing an escape, in order thereby to determine the validity of the sentence computation made by appellees.

Jurisdiction relinquished.