The **BALLROOM, LLC,** Appellant

v.

**COMMONWEALTH of Pennsylvania, Erie County District Attorney, Erie County Department of Health, Millcreek Township Police Department.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2009.

Decided Nov. 17, 2009.

Burton L. Fish, Erie, for appellant.

Kemal Alexander Mericli, Sr. Deputy Attorney General, Pittsburgh and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellee, Commonwealth of Pennsylvania.

BEFORE: LEADBETTER, President Judge, BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

The Ballroom, LLC (Ballroom) appeals from an order of the Court of Common Pleas of Erie County that sustained the preliminary objections of the Commonwealth of Pennsylvania and dismissed Ballroom's civil action against the Commonwealth, Erie County District Attorney, Erie County Department of Health and Millcreek Township Police Department (collectively, defendants) for lack of jurisdiction. In the amended complaint, Ballroom, an operator of a bingo hall in Erie, Pennsylvania, sought an injunction prohibiting the defendants from enforcing the recently enacted Clean Indoor Air Act (Act), Act of June 13, 2008, P.L. 182, 35 P.S. §§ 637.1–637.11.

Under the Act, which became effective on September 11, 2008, it is a violation of the Act to smoke or to permit smoking in a "public place" where smoking is prohibited. Section 6(a)(2) and (3) of the Act, 35 P.S. § 637.6(a)(2) and (3). The Act defines a "public place" as "[a]n enclosed area which serves as a work place, commercial establishment or an area where the public is invited or permitted." Section 2, 35 P.S. § 637.2. The Act exempts certain facilities, such as a tobacco shop, a cigar bar, a private club and a drinking establishment, from the smoking ban. Section 3(b), 35 P.S. § 637.3(b). One who violates the Act is subject to administrative and criminal penalties set forth in Section 6(c), (d) and (e), 35 P.S. § 637.6(c), (d) and (e).

Section 5(b) of the Act, 35 P.S. § 637.5(b), places responsibilities for enforcing the Act upon state and local agencies as follows:

(1) Except as provided under paragraphs (2) and (3), upon receipt of a complaint by the department [defined in § 637.2 as the Commonwealth Department of Health], the following apply:

(i) Except as set forth under subparagraph (ii), the department shall investigate the complaint and enforce this act.

(ii) If the public place is subject to licensure by the Commonwealth, in such case, the department shall refer the complaint to the appropriate licensing agency for investigation and enforcement of this act.

(2) If a complaint is made to the department regarding a public place located in a county under subsection (c) [allowing a county to elect to have its board of health enforce the Act], the department shall notify the county board of health. The county board of

health shall investigate the complaint and enforce this act.

(3) If the complaint is made to a law enforcement agency regarding a public place, the agency shall investigate the complaint and enforce this act.

On September 8, 2008, Ballroom filed a civil action against the Commonwealth, seeking to enjoin the Commonwealth from enforcing the Act. Ballroom alleged that the Act is unconstitutional because it imposes excessive penalties and discriminates against bingo halls such as Ballroom. On September 15, the Office of Attorney General entered its appearance for the Commonwealth and filed preliminary objections demanding dismissal of the action. The Commonwealth alleged that the trial court lacked jurisdiction because this Court has original and exclusive jurisdiction over the action. The Commonwealth also raised improper service of original process, lack of Ballroom's standing to bring the action, insufficient specificity of the pleading, legal insufficiency of the pleading (demurrer) and the sovereign immunity defense. In response, Ballroom amended the complaint on September 16 to characterize the defendant as follows:

2. The defendant, the Commonwealth of Pennsylvania, whose Office of Attorney General is located at 564 Forbes Avenue, Pittsburgh, Pa. 15219, with telephone at (412) 565–7680 is named herein pursuant to the requirements of PRCP 235, as a comprehensive or blanket reference to its local instrumentalities which are charged with the enforcement of the Clean Indoor Air Act, which local instrumentalities would consist of additional defendants, as follows:

a. Erie County District Attorney, Erie County Court House, 140 West Sixth Street, Erie, Pa. 16501, (814) 451–6000

b. Erie County Department of Health 602 West Second Street, Erie Pa. 16507, (814) 451–06700 [sic]

c. Millcreek Township (Erie County) Police Department, 3608 West Twenty Sixth Street, Erie, Pa. 16506(814) 838–9515

Amended Complaint, Paragraph 2.[1] Significantly, the named local entities were listed as party defendants in the caption of the Amended Complaint.

 On the same day that Ballroom filed the amended complaint, the trial court issued an opinion and order sustaining the Commonwealth's preliminary objections and dismissing Ballroom's action against the defendants, including the local enforcement agencies joined in the amended complaint, for lack of jurisdiction. The court concluded that the Commonwealth is an indispensable party to the action and that this Court, therefore, has original and exclusive jurisdiction. The court stated:

The ultimate relief sought in the instant action is an injunction from the enforcement of a new piece of state legislation because of its alleged unconstitutional characteristics. The very nature of this action makes it inconceivable that the relief requested by Plaintiff could be granted without the Commonwealth's direct involvement. The Commonwealth has a direct stake in the consistent enforcement and implementation of this statute and its statewide impact.... The Commonwealth Court is intended to provide a judicial forum for uniform and consistent resolutions of statewide impact.

---

1. Pa. R.C.P. No. 235 requires that the Attorney General be notified of any challenge to the constitutionality of a statute, and that he be permitted to appear or intervene in the proceeding.

Trial Court's Opinion at 4–5.[2] Ballroom's appeal to this Court followed.[3]

Ballroom devotes its brief almost entirely to discussing the constitutionality of the Act and fails to present any cogent argument regarding the trial court's dismissal of its action for lack of jurisdiction. Ballroom states only that this matter should be remanded to the trial court because its constitutional challenge "is best determined . . . in Erie by the lower court rather than in Harrisburg by the Commonwealth Court," and that, "[t]his is true in the context of logistics, the presentation of testimony and other evidence affecting . . . Ballroom . . . and the local context of its bingo activity." Ballroom's Brief at 5.

The Commonwealth, having preliminarily objected on the ground that exclusive jurisdiction was vested in this court, now changes its position. It argues that it is neither a proper party nor an indispensable party to the action and that the trial court properly dismissed the action against the Commonwealth, but on an erroneous legal theory. The Commonwealth maintains that the Attorney General, acting on behalf of the Commonwealth, has a prerogative to defend the constitutionality of the Act upon receiving notice of a constitutional challenge, but that he has no responsibility for enforcing the Act and is not required to intervene in an action as a party to defend its constitutionality. Commonwealth's Brief at 8. The Commonwealth asks this Court to affirm the trial court's order dismissing the action against the Commonwealth, to reverse the dismissal against the local enforcement agencies and to remand for further proceedings. While belatedly asserted, the Commonwealth's position regarding jurisdiction has merit.

We first note that the trial court committed procedural error in sustaining the preliminary objections when Ballroom timely amended the original complaint in response to the preliminary objections. Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure provides: "A party may file an amended pleading *as of course* within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, *the preliminary objections to the original pleading shall be deemed moot.*" (Emphasis added.) Any objections to the amended pleading must be made by filing new preliminary objections. Pa. R.C.P. No. 1028(f). Ballroom amended the complaint as of course the day after the Commonwealth filed preliminary objections to the original complaint. By improperly sustaining the preliminary objections, which were rendered moot, and dismissing the action, the trial court failed to afford the Commonwealth and the local enforcement agencies an opportunity to respond to the amended complaint.[4]

---

**2.** While we do not disagree with this statement of policy, we cannot decide questions, even those of statewide import, unless the parties have properly invoked this Court's jurisdiction. Moreover, even where the courts of common pleas exercise original jurisdiction over actions raising issues of statewide import, consistent resolution is obtained through this Court's appellate review.

**3.** In ruling on preliminary objections, the courts must accept as true all well-pleaded allegations of material fact as well as all inferences reasonably deducible from those facts. *Palmer v. Bartosh*, 959 A.2d 508 (Pa.Cmwlth. 2008). Our review of a trial court's grant of preliminary objections based on issues of law is plenary. *Quest Land Dev. Group, LLC v. Twp. of Lower Heidelberg*, 971 A.2d 540 (Pa. Cmwlth.2009).

**4.** We note further that the dismissal of the action for lack of jurisdiction failed to comply with Section 5103(a) of the Judicial Code, *as amended*, 42 Pa.C.S. § 5103(a), which provides in relevant part:

Nonetheless, the Attorney General urges us to address the jurisdictional issue and to affirm the dismissal as to the Commonwealth, rather than simply remanding the entire case to the trial court. He argues that the Commonwealth is not an indispensable party, in part because the *Attorney General* has no enforcement authority under the Act. While this is true, it is beside the point—Ballroom has not named the Attorney General, nor any other state agency or officer, but named the Commonwealth itself, and the Attorney General appears here as the Commonwealth's counsel. Ballroom seeks to enjoin enforcement of the Act, which imposes such responsibilities upon the Commonwealth Department of Health, state licensing agencies and the local enforcement agencies, not upon the Commonwealth itself, "which is clearly **not a Commonwealth agency.**" *Bonsavage v. Borough of Warrior Run,* 676 A.2d 1330, 1331 (Pa. Cmwlth.1996) (emphasis in original). It is well-settled that the Commonwealth government and its various agencies are separate parties, and merely naming the Commonwealth is insufficient to state a claim against a Commonwealth agency. *Tork–*

*Hiis v. Commonwealth,* 558 Pa. 170, 735 A.2d 1256 (1999); *Piehl v. City of Philadelphia,* 930 A.2d 607 (Pa.Cmwlth.2007), *appeal granted,* 596 Pa. 460, 944 A.2d 751 (2008); *Glover v. SEPTA,* 794 A.2d 410 (Pa.Cmwlth.2002).[5] Thus the question is not whether the Attorney General, the Department of Health or some other state agency might theoretically be a proper or indispensable party in this injunction action, but whether the Commonwealth itself is so. It is not clear that Ballroom even intended the Commonwealth to be an actual party defendant, given the statement that it "is named herein pursuant to the requirements of PRCP 235, as a comprehensive or blanket reference to its local instrumentalities ... as follows...." Amended Complaint, Paragraph 2. Nevertheless, name the Commonwealth it did, so the question becomes whether the Commonwealth is an indispensable party to the action, thereby conferring this Court with original and exclusive jurisdiction.

Section 761(a)(1) of the Judicial Code, *as amended,* 42 Pa.C.S. § 761(a)(1), provides that the Commonwealth Court shall have original and exclusive jurisdiction over civil actions against the Common-

---

If an appeal or other matter is taken to or brought in a court ... of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court ... shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court.... A matter which is within the exclusive jurisdiction of a court ... of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court ... of this Commonwealth where it shall be treated as if originally filed in the transferee court ... on the date when first filed in the other tribunal.

Thus, if the trial court were correct in concluding that this Court has original and exclusive jurisdiction, the proper course of action for the trial court would have been to transfer the action to this Court pursuant to Section 5103(a) of the Judicial Code, rather than dismissing the action. *McNair v. Owens,* [133 Pa.Cmwlth. 357] 576 A.2d 95 (Pa.Cmwlth. 1990).

5. Although these cases involve tort claims, as to which the Commonwealth itself is absolutely immune, it may well be posited that injunctive, as opposed to declaratory, relief can never be had against the Commonwealth itself (at least outside the possible role of Commonwealth as prosecutor) absent joinder of an agency or officer whose potential action would be the subject of the requested injunction. This action seeks only an injunction, not declaratory relief.

wealth government, with specified exceptions not relevant here. However, it is well settled that merely naming the Commonwealth or a Commonwealth party as one of several defendants does not necessarily establish this Court's original jurisdiction under Section 761. *Miles v. Beard*, 847 A.2d 161 (Pa.Cmwlth.2004). This Court has original jurisdiction in a suit against a Commonwealth party and non-Commonwealth parties only when the Commonwealth party is indispensable. *Vill. Charter Sch. v. Chester Upland Sch. Dist.*, 813 A.2d 20 (Pa.Cmwlth.2002); *Annenberg v. Commonwealth*, 686 A.2d 1380 (Pa. Cmwlth.1996).

 In general, an indispensable party is one whose interests are so connected with the litigant's claim that no relief can be granted without infringing upon that party's rights. *Vill. Charter Sch.* A Commonwealth party may be declared an indispensable party when meaningful relief cannot conceivably be afforded without the Commonwealth party's direct involvement in the action. *Id.; Springdale Twp. v. Allegheny County Bd. of Prop. Assessment, Appeals & Review*, 78 Pa.Cmwlth. 100, 467 A.2d 74 (1983). Based on the complaint at issue, that is not the case here. Although there is no factual record upon which to determine whether enforcement authority lies with the Commonwealth Department of Health or some state licensing agency, or solely with the local agencies named in the amended complaint,[6] Ballroom has averred that the local agencies are charged with enforcement of the Act, and for the purpose of reviewing

the trial court's grant of preliminary objections, we must assume this to be the case. Therefore, the requested injunctive relief, if found to be warranted, could be awarded without participation in the action by, and without impairing the authority or infringing on the rights of, any state entity. At all events, Ballroom has not named any potentially interested state agency as a defendant.

 Nor does the Commonwealth itself, as an entity separate and apart from its agencies and officers, necessarily have an interest in the determination of whether a given statute violates its Constitution or that of the United States. Its interest in the enforcement of its statutory law is no greater than its interest in the enforcement of its constitutional mandates. Similarly, acting as the legal representative of the Commonwealth, the Attorney General has a duty "to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction ...."[7] but this duty can rise no higher than his sworn obligation to uphold and defend the state and federal constitutions. Accordingly, Pa. R.C.P. No. 235 requires a party challenging the constitutionality of an act to promptly give notice of such challenge to the Attorney General when the Commonwealth is not a party to the action, and provides that the Attorney General *"may* intervene as a party or *may* be heard without the necessity of intervention." *Id.* (emphasis added). However, "the court may proceed without waiting action by the

---

6. For instance, the Act places primary enforcement responsibility on the Pennsylvania Department of Health, but allows individual counties to elect to have their local boards of health enforce the Act. The record in this case—arising as it does from the grant of preliminary objections—does not reflect whether Erie County has made such an elec-

tion, nor does it reflect whether Ballroom is licensed by the Pennsylvania Liquor Control Board.

7. Section 204(a)(3) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. § 732–204(a)(3).

Attorney General in response to a notice." *Id.* Clearly, the Attorney General is not required to intervene or appear in an action to defend the constitutionality of an act, and the "mere fact that a challenged statute may be declared unconstitutional does not, of itself, make the Commonwealth an indispensable party." *Pa. Sch. Bds. Ass'n v. Commonwealth Ass'n of Sch. Adm'rs, Teamsters Local 502,* 696 A.2d 859, 867 (Pa.Cmwlth.1997), *appeal dismissed,* 550 Pa. 228, 704 A.2d 631 (1998).

For these reasons, we conclude that the Commonwealth is not an indispensable party in Ballroom's action and that this Court does not have original jurisdiction over this action as pled. Accordingly, we find the relief granted in *Pa. School Boards Assn.* is appropriate here. We affirm the trial court's dismissal of the action against the Commonwealth, but reverse its dismissal of the action as to the remaining defendants and remand this matter for further proceedings against the named local agencies.

### ORDER

AND NOW, this 17th day of November, 2009, the order of the Court of Common Pleas of Erie County dismissing the above-captioned action as to the Commonwealth of Pennsylvania is AFFIRMED; the order dismissing the action as to the remaining defendants is REVERSED, and this matter is hereby REMANDED for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.