**Atlantic Credit & Finance Inc. v. Spangler**

C.P. of Adams County, no. 09-S-1663.

*Fredric I. Weinberg,* for plaintiff.
*John L. Perry,* for defendant.

CAMPBELL, *J.,* March 2, 2010—Plaintiff filed a complaint on October 19, 2009. In its complaint, plaintiff alleges that it is a debt buyer and successor in interest to the balance remaining on a credit card allegedly issued to defendant. Plaintiff asserts that defendant was issued a credit card by the original creditor pursuant to an agreement as to terms and conditions. As of September 17, 2009, a balance remains due on the credit card in the amount of $4,826.56. Plaintiff further alleges that defendant's last payment on the account was made on February 18, 2008.

Defendant filed preliminary objections to plaintiff's complaint on December 30, 2009, arguing that plaintiff's complaint fails to conform to law or rule of court. Defendant argues that the complaint is deficient for several reasons. First, defendant argues that plaintiff failed to attach any writing containing the terms and conditions that the credit card was allegedly subject to, and failed to explain the absence of such a writing in violation of

Pa.R.C.P. 1019(i). Second, defendant argues that plaintiff has failed to attach a valid written assignment from the original creditor to itself or any other entity, properly identifying the account alleged to be owed by plaintiff or explain the absence of such in violation of 18 Pa.C.S. §7311(a)(1) and Pa.R.C.P. 1019(h) and (i). Finally, defendant argues that plaintiff's complaint fails to conform to the requirements of Pa.R.C.P. 1019(a) and (f) in that it fails to state the material facts upon which the cause of action is based by failing to aver the time, place, and items of goods and/or services allegedly delivered to defendant. For the reasons set forth below, defendant's preliminary objections are sustained.

It is well-established that in ruling on preliminary objections, the court must accept as true all well-pleaded allegations of material fact as well as all inferences reasonably deducible from those facts. *Ballroom LLC v. Commonwealth,* 984 A.2d 582, 586 n.3 (Pa. Commw. 2009). Preliminary objections will be sustained only where the case is clear and free from doubt. *Rambo v. Greene,* 906 A.2d 1232, 1235 (Pa. Super. 2006).

In the present case, defendant's preliminary objections are primarily based upon Rule 1019 of the Pennsylvania Rules of Civil Procedure governing the contents of pleadings. Rule 1019 states in relevant part as follows:

"(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form;

"(f) Averments of time, place and items of special damage shall be specifically stated;

"(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written; and

"(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

When a debt collection action is filed against a credit card holder, in order to comply with the requirements of Rule 1019, the plaintiff must attach to the complaint a copy of the cardholder agreement, a statement of account and, where applicable, the contract between the original creditor and assignee as evidence of the assignment. Failure to do so may be fatal to the complaint. *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003). If a plaintiff does not have access to the documents the plaintiff must so state in writing along with (1) the reason that the plaintiff does not have access to the documents and (2) the substance of the missing document. Pa.R.C.P. 1019 (i).

Plaintiff in the present case has failed to attach either the original cardholder agreement or appropriate evidence of an assignment. The court finds that plaintiff's attached exhibits are insufficient to satisfy Pa.R.C.P. 1019(h) and (i). Plaintiff has failed to attach any documentation of the agreement between the original creditor and defendant. The affidavit and account statement provide no information as to what, if any, contractual terms (*i.e.,* payment obligations, interest rates, dates of charg-

es, principal charges versus accrued interest, methods of calculating interest, billing cycles) were applicable to defendant. Moreover, plaintiff's affidavit is insufficient to establish a lawful assignment between original creditor and plaintiff. In order to be lawful, assignments between creditors and collection agencies must be in writing. 18 Pa.C.S. §7311(a)(1). As this claim is based on an assignment, there must be some writing which in turn must be attached to the complaint. Pa.R.C.P. 1019(i). Otherwise its absence must be explained. *Id.* In addition, although plaintiff need not recite details of every purchase and account transaction in the complaint itself, plaintiff must allege sufficient detail (and attach sufficient documentation) to apprise defendant of the basis for plaintiff's demand. Without the required documentation the complaint lacks the requisite specificity to allow defendant to respond.

For the reasons stated herein, defendant's preliminary objections are sustained. Plaintiff's complaint will be dismissed without prejudice. Plaintiff is granted 20 days to file an amended complaint.

## ORDER

And now, March 2, 2010, defendant's preliminary objections are sustained. Plaintiff's complaint is hereby dismissed without prejudice. Plaintiff is granted 20 days to file an amended complaint.