**Discover Bank v. Winfree**

C.P. of Adams County, no. 09-S-1944.

*Kimberly Scian,* for plaintiff.
*John Perry,* for defendant.

GEORGE, *J.,* March 16, 2010—Plaintiff filed the original complaint on August 31, 2009. Defendant filed preliminary objections on November 6, 2009. Thereafter, plaintiff filed an amended complaint on January 11, 2010, alleging that defendant applied for and received a credit card issued by plaintiff. Defendant used the credit card and as of November 20, 2009 there was an outstanding balance due and owing in the amount of $9,115.52. Plaintiff asserts that although demand has been made, defendant has failed to make payment of the amount due.

On February 3, 2010, defendant filed preliminary objections to plaintiff's amended complaint. Defendant argues that the amended complaint is deficient for several reasons. First, defendant argues that plaintiff failed to attach the original application or agreement between the parties, and failed to explain its absence as required by Pa.R.C.P. 1019(h) and (i). Moreover, defendant argues that plaintiff failed to attach any writing containing the

terms and conditions that the credit card was allegedly subject to, and failed to explain the absence of such a writing in violation of Pa.R.C.P. 1019(h) and (i).

Additionally, defendant argues that plaintiff's complaint fails to conform to the requirements of Pa.R.C.P. 1019(a) and (f) in that it fails to state the material facts upon which the cause of action is based by failing to aver the time, place, and items of goods and/or services allegedly delivered to defendant. Defendant acknowledges that plaintiff has attached a Discover Card statement of account dated November 4, 2008 as exhibit A. However, defendant argues that the exhibit fails to provide any documentation or accounting of charges, payments, and interest which support plaintiff's claim for damages. Finally, defendant argues that the pleadings fail to conform to Pa.R.C.P. 1024, which requires that the pleadings containing averments of fact be verified by the party making the averments. Defendant argues that the attorney's signature of verification is not sufficient and that none of the exceptions to the requirement for verification exist on the face of the record in this case. For the reasons set forth below, defendant's preliminary objections are sustained.

It is well-established that in ruling on preliminary objections, the court must accept as true all well-pleaded allegations of material fact as well as all inferences reasonably deducible from those facts. *Ballroom LLC v. Commonwealth,* 984 A.2d 582, 586 (Pa. Commw. 2009). Preliminary objections will be sustained only where the case is clear and free from doubt. *Rambo v. Greene,* 906 A.2d 1232, 1235 (Pa. Super. 2006).

In the present case, defendant's preliminary objections are primarily based upon Rule 1019 of the Pennsylvania Rules of Civil Procedure governing the contents of pleadings. Rule 1019 states in relevant part as follows:

"(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form;...

"(f) Averments of time, place and items of special damage shall be specifically stated;...

"(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written; and

"(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

When a debt collection action is filed against a credit card holder, in order to comply with the requirements of Rule 1019, the plaintiff must attach to the complaint a copy of the cardholder agreement, a statement of account and, where applicable, the contract between the original creditor and assignee as evidence of the assignment. Failure to do so may be fatal to the complaint. *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003). If a plaintiff does not have access to the documents the plaintiff must so state in writing along with (1) the reason that the plaintiff does not have access

to the documents and (2) the substance of the missing document. Pa.R.C.P. 1019(i).

Plaintiff in the present case has failed to attach a copy of the cardholder agreement. The court finds that plaintiff's attached exhibits are insufficient to satisfy Pa.R.C.P. 1019(h) and (i). Plaintiff's exhibit A, Discover Card statement of account provides no information as to what, if any, contractual terms (*i.e.,* payment obligations, interest rates, dates of charges, principal charges versus accrued interest, methods of calculating interest, billing cycles) were applicable to defendant. In addition, although plaintiff need not recite details of every purchase and account transaction in the complaint itself, plaintiff must allege sufficient detail (and attach sufficient documentation) to apprise defendant of the basis for plaintiff's demand. Without the required documentation the complaint lacks the requisite specificity to allow defendant to respond.

Plaintiff has also failed to properly verify the amended complaint. An attorney's signature does not satisfy Pa.R.C.P. 1024(c) unless certain requirements are met. Pa.R.C.P. 1024(c) requires that the verification "shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading." Plaintiff has failed to indicate whether such circumstances exist to allow for an attorney to verify the amended complaint.

326

For the reasons stated herein, defendant's preliminary objections are sustained. Plaintiff's amended complaint will be dismissed without prejudice. Plaintiff is granted 20 days to file an amended complaint.

ORDER

And now, March 16, 2010, defendant's preliminary objections are sustained. Plaintiff's complaint is hereby dismissed without prejudice. Plaintiff is granted 20 days to file an amended complaint