J-S42045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD A. WOODS, | : | |
| | : | |
| Appellant | : | No. 373 MDA 2018 |

Appeal from the Order February 8, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002206-2008
CP-22-CR-0005645-2008

BEFORE:   BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 12, 2018**

Ronald A. Woods (Appellant) *pro se* appeals from the order entered February 8, 2018, which denied his application for clarification.  We vacate the trial court's order and remand with instructions.

We provide the following background.

In December 2008, [Appellant] entered a negotiated plea of guilty to aggravated assault and persons not to possess firearms.  At the time of his plea, [Appellant] was also facing drug-related charges, to which he was expected to enter a plea at a later date.  On February 27, 2009, he was sentenced, in accordance with both plea agreements, to a term of eight to 16 years of imprisonment on the aggravated assault and weapons convictions, and three to six years for possession with intent to deliver.

***Commonwealth v. Woods***, 60 A.3d 566 (Pa. Super. 2012) (unpublished memorandum at 1-2) (footnotes omitted).  Appellant did not file a post-sentence motion or direct appeal.  Appellant filed a petition pursuant to the

_____
* Retired Senior Judge assigned to the Superior Court.

Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in January 2010, and in August 2012, this Court affirmed the PCRA court's dismissal of that petition. *Id.*

On January 8, 2018, Appellant filed an application for clarification with the trial court, seeking clarification of the trial court's February 27, 2009 sentencing order.[1]  On February 9, 2018, the trial court dismissed Appellant's application.  Appellant timely filed *pro se* a notice of appeal.  Both Appellant and the trial court complied with Pa.R.A.P 1925.

On appeal, Appellant claims that "the trial court abused its discretion in dismissing Appellant's application for clarification of its February 27, 2009[] commitment order regarding the effective date of the sentence imposed where it is unclear when the trial court intended the sentence imposed to commence."  Concise Statement of Matters Complained of on Appeal, 3/16/2018 (unnecessary capitalization omitted).  Specifically, Appellant claims there is a conflict between the effective date of his sentence as indicated on the trial court's commitment order and the effective date on the sentence status summary prepared by the Pennsylvania Department of Corrections (DOC).  Appellant's Brief at 7.  According to Appellant, his DC-

---

[1] The certified record received by this Court does not contain the February 27, 2009 sentencing order, but the docket entries at both docket numbers CP-22-CR-0002206-2008 and CP-22-CR-0005645-2008 indicate that Appellant received the aforementioned sentence on February 27, 2009.

300B court commitment forms[2] show: (1) at CP-22-CR-0002206-2008, relating to count one (aggravated assault), a term 8 to 16 years of incarceration with a credit of 317 days served, effective February 27, 2009; (2) at CP-22-CR-0002206-2008, relating to count three (persons not to possess firearms), a term of five to ten years of incarceration with a credit of zero days served, to be served concurrent with the aforesaid sentence, effective February 27, 2009; and (3) at CP-22-CR-0005645-2008, relating to count one (possession with intent to deliver), a term of three to six years of incarceration with a credit of zero days served, to be served consecutively to the aforesaid sentences, effective February 27, 2009. Application for Clarification, 1/8/2018, at Exhs. A, B. This, according to Appellant, is in contradiction to his DOC DC16E form,[3] which indicates an effective date of February 29, 2012 on all sentences. *Id.* at Exh. C.

_____

[2] As we explained in **Commonwealth v. Heredia**,

> Form DC–300B is a commitment document generated by the Common Pleas Criminal Court Case Management System. *See* 37 Pa.Code § 96.4; 42 Pa.C.S.[] § 9764. Section 9764 of the Judicial Code sets forth the procedure associated with transfer of an inmate into DOC custody and provides that, on commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC–300B commitment form. *See* 42 Pa.C.S.[] § 9764(a)(8).

97 A.3d 392 394 n.3 (Pa. Super. 2014).

[3] The DC16E form, issued by the DOC and entitled "Sentence Status Summary," provides details about an inmate's sentence.

Initially, we note that, while "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions," **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013), an allegation of error by the DOC in failing to comply with a court's sentencing order is not cognizable under the PCRA. **Heredia**, 97 A.3d at 395. As this Court has expounded,

> [i]f the alleged error is thought to be the result of an erroneous computation of sentence by the [Department] of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court [of Pennsylvania] challenging the [Department's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

**Id.** (quoting **Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989). This Court further explained that

> the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court. **See Spotz v. Commonwealth**, 972 A.2d 125, 134 (Pa. Cmwlth. 2009); **see also Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections**, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel DOC to carry out sentence imposed, petition is properly filed in Commonwealth Court).
>
> Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value. **See Commonwealth v. Rodriguez**, 81 A.3d 103, 107 n.7 (Pa.Super.2013) [].

*Id.* at 395 n.4.

Here, the crux of Appellant's claim is that the DOC erred in computing the effective date of his sentence. He claims that the DOC failed to follow the trial court's sentencing order, arguing that "the effective date [of his sentence] was extended from February 27, 2009 to February 29, 2012." Appellant's Brief at 9. Based on the foregoing, Appellant should have filed his application for clarification through an action in the Commonwealth Court's original jurisdiction. *See Heredia*, *supra*. Thus, the proper action for the trial court would have been to transfer Appellant's application to the Commonwealth Court. *See* 42 Pa.C.S. § 5103(a);[4] *McNair v. Owens*, 576 A.2d 95 (Pa.

---

[4] Subsection 5103(a) of the Judicial Code provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103.

Cmwlth. 1990) (holding that where a prisoner seeks relief for a claim of incorrect calculation by the Department of Corrections, it is an action in the Commonwealth Court's original jurisdiction and thus, trial court should not have dismissed petition, but rather transferred matter to Commonwealth Court). Accordingly, we vacate the trial court's order and remand the case to the trial court to transfer Appellant's application for clarification to the Commonwealth Court.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/12/2018