J-S67041-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| ERIC ROSARIO, | : | |
| | : | |
| Appellant | : | No. 825 EDA 2018 |

Appeal from the Order January 31, 2018,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0000549-2015
CP-39-CR-0002257-2010

BEFORE:    OTT, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 04, 2019**

Eric Rosario (Appellant) appeals *pro se* from the January 31, 2018 order denying his request for clarification of sentence.  We vacate the trial court's order and remand with instructions.

On November 7, 2012, at docket number CP-39-CR-0002257-2010 (docket number 2257-2010), Appellant pleaded guilty to one count of possession with the intent to deliver a controlled substance and one count of conspiracy.  That same day, Appellant was sentenced to four to fifteen years' incarceration.  Appellant filed a motion for reconsideration of sentence, which the trial court denied.  No direct appeal was filed.

On November 17, 2015, at docket number CP-39-CR-0000549-2015 (docket number 549-2015), Appellant pleaded guilty to assault by a prisoner and was immediately sentenced to two to four years' incarceration to run

_____

*Retired Senior Judge assigned to the Superior Court.

consecutively to any other sentence Appellant was currently serving. Thus, Appellant's sentence at docket number 549-2015 would be served consecutively to his sentence at docket number 2257-2010. Appellant did not file a post-sentence motion or direct appeal.

The next filing by Appellant at the aforementioned docket numbers was a letter[1] on December 26, 2017. Therein, Appellant averred that instead of his sentences at docket numbers 2257-2010 and 549-2015 running consecutively, the Department of Corrections ("DOC") erroneously "combined" his sentences, resulting in a new sentence of 6 to 19 years' incarceration. Letter Requesting Clarification of Sentence, 12/26/2017. Thus, he requested the trial court clarify his sentence.

On January 31, 2018, the trial court denied Appellant's motion, concluding that Appellant "is serving consecutive sentences and aggregation was required." Order, 1/31/2018, at n.1, *citing* **Gillespie v. Commonwealth, Dept. of Corr.**, 527 A.2d 1061 (Pa. Cmwlth. 1987). Therefore, the trial court opined that Appellant's "resulting sentence is 6 years to 19 years." **Id.** Appellant timely filed a notice of appeal.[2] Both

---

[1] The trial court construed this letter as a motion for clarification of sentence ("motion").

[2] The record contains two notices of appeal, both appealing the trial court's January 31, 2018 order denying Appellant's motion. **See** Notice of Appeal, 2/23/2018; Notice of Appeal, 3/2/2018. These notices of appeal are materially similar. **Id.** While the latter notice of appeal was filed more than thirty days after the trial court's order, Appellant's February 23, 2018 notice of appeal was timely filed. Upon the issuance of a rule to show cause by this

Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant contends the trial court erred in denying his motion. Appellant's Brief at 3.

Initially, we note that, while "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions," *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013), an allegation of error by the DOC in failing to comply with a court's sentencing order is not cognizable under the PCRA. *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014). *See also* 42 Pa.C.S. § 761(a)(1) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings ... [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity ...").

As this Court has expounded,

> [i]f the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court [of Pennsylvania] challenging the [DOC's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the

---

Court, inquiring why this appeal should not be quashed as untimely filed, Appellant filed a response. Order, 5/16/2018; Appellant's Response to Rule to Show Cause, 5/29/2018. Appellant did not address why he had filed two notices of appeal. *Id.* Instead, Appellant directed this Court to the docket, which indicated that his February 23, 2018 notice of appeal was timely filed. *Id.* On May 30, 2018, an order was issued discharging the rule to show cause and referring this issue to this panel. Upon review, for the purposes of our review, we conclude that the February 23, 2018 notice of appeal was timely filed, providing this Court jurisdiction to entertain this appeal.

trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

**Heredia**, 97 A.3d at 395 (quoting **Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989). This Court further explained that

the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court. **See Spotz v. Commonwealth**, 972 A.2d 125, 134 (Pa. Cmwlth. 2009); **see also Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections**, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel DOC to carry out sentence imposed, petition is properly filed in Commonwealth Court).

Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value. **See Commonwealth v. Rodriguez**, 81 A.3d 103, 107 n.7 (Pa.Super.2013) [].

**Id.** at 395 n.4.

The crux of Appellant's claim is that the DOC erred in computing his sentence. He claims that the DOC "combined" his sentences at the aforementioned docket numbers, which resulted in a new sentence. Appellant's Letter Requesting Clarification of Sentence, 12/26/2017. Based on the foregoing, Appellant should have filed his motion through an action in the Commonwealth Court's original jurisdiction, **see Heredia**, **supra**,

which Appellant now acknowledges on appeal.[3]  *See* Appellant's Brief at 1 (contending the trial court should have transferred his motion to the Commonwealth Court instead of denying Appellant's motion); *id.* at 2 ("[T]he appropriate relief would be to transfer this matter to the proper tribunal of this Commonwealth[,] which would be the Commonwealth Court. Not common pleas court.") (unnecessary capitalization omitted).  Thus, the proper action for the trial court would have been to transfer Appellant's motion to the Commonwealth Court.  *See* 42 Pa.C.S. § 5103(a);[4] *McNair v.*

---

[3] In its brief to this Court, the Commonwealth argues Appellant has waived any issue related to the trial court's failure to transfer Appellant's motion to the Commonwealth Court because Appellant failed to raise this issue in his concise statement.  Commonwealth's Brief at 6.  *See Commonwealth v. Berry*, 877 A.2d 479, 485 (Pa. Super. 2005) ("[I]ssues which are not raised in a [concise statement] under Pa.R.A.P. 1925 are waived on appeal"). However, our review of the record reveals Appellant raised two claims of trial court error in his concise statement, including that the trial court "erred in denying [Appellant's] motion for clarification of sentence."  Concise Statement, 3/27/2018 (unnecessary capitalization omitted).  For the reasons set forth in this memorandum, we agree with Appellant that the trial court erred in denying Appellant's motion; the proper action was to transfer this matter to the Commonwealth Court.  Because we find Appellant's concise statement encompasses the issue before us, we decline to find waiver.

[4] Subsection 5103(a) of the Judicial Code provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive

- 5 -

***Owens***, 576 A.2d 95 (Pa. Cmwlth. 1990) (holding that where a prisoner seeks relief for a claim of incorrect calculation by the DOC, it is an action in the Commonwealth Court's original jurisdiction and thus, trial court should not have dismissed petition, but rather transferred matter to Commonwealth Court). Accordingly, we vacate the trial court's order and remand the case to the trial court to transfer Appellant's motion for clarification to the Commonwealth Court.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Ott joins this memorandum.

Judge Nichols concurs in the result.

---

jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>1/4/19</u>