**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTIS ADRIAN WALK | |
| Appellant | No. 1202 WDA 2019 |

Appeal from the Order Entered July 11, 2019
In the Court of Common Pleas of Blair County
Criminal Division at No.: CP-07-CR-0001314-2008

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED:  May 26, 2021**

Appellant Curtis Adrian Walk *pro se* appeals from the July 11, 2019 order of the Court of Common Pleas of Blair County ("PCRA court"), which dismissed for want of jurisdiction his self-styled "Application to Suspend Act 84 Deductions During Litigation of PCRA Petition Due to Material Change in Defendant's Financial Circumstances Since Sentencing" (the "Petition").  Upon review, we vacate and remand with instructions.

The facts and procedural history of this case are undisputed.  Briefly, while imprisoned for sexually abusing a minor and committing multiple drug offenses, Appellant, on March 27, 2019, *pro se* filed the Petition in the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court, requesting the cessation of Act 84[1] deductions by the DOC based on an alleged material change in his financial condition. On July 11, 2019, the trial court denied the Petition, concluding that it lacked jurisdiction and that jurisdiction exclusively was vested in the Commonwealth Court. Appellant *pro se* appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three issues for our review.

I. Does this Honorable Court have jurisdiction over this appeal?

II. Did the lower court have jurisdiction to entertain a request to stay collection of fines and costs it had ordered in one case where those deductions are now adversely affecting and substantially impeding the indigent prisoner's ability to litigate his PCRA petition *pro se* and present the merits of his claims to the lower court in another?

III. Should the lower court hold a hearing to determine whether there has in fact been a material change in the *pro se* PCRA petitioner's financial condition since sentencing in this matter?

Appellant's Brief at 4 (unnecessary capitalizations omitted).

The crux of this appeal is whether the trial court had jurisdiction over the Petition.[2] This Court addressed the issue of subject matter jurisdiction as raised here in **Commonwealth v. Danysh**, 833 A.2d 151 (Pa. Super. 2003). There, the trial court denied an inmate's petition to cease Act 84 deductions

---

[1] "Act 84 deductions" refers to those made by the Department of Corrections (the "DOC") pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa. C.S.A. § 9728(b)(5).

[2] Given our disposition below, we need not address Appellant's specific issues on appeal.

from his inmate account, finding the 20% deduction a "reasonable amount." *Id.* at 152. On appeal, we raised the issue of subject matter jurisdiction *sua sponte*, recognizing that the Commonwealth Court has original jurisdiction over various classes of cases, including civil suits against government actors. *Id.* Danysh's action was a civil action "against the Commonwealth government, as DOC falls within the jurisdictional statute's definition of that term." *Id.* at 153 (citation omitted). Therefore, "Danysh should have brought his petition as a petition for review of a governmental determination under the Commonwealth Court's original jurisdiction." *Id.* (citation omitted). "Because Commonwealth Court had exclusive original jurisdiction, the court of common pleas lacked subject matter jurisdiction and its order was void." *Id.* at 154. *See also Commonwealth v. Jackson*, 858 A.2d 627 (Pa. Super. 2004) (*en banc*) (trial court properly determined it lacked jurisdiction over a prisoner's petition to stop Act 84 deductions). Thus, we agree with the trial court's conclusion that it lacked jurisdiction over the Petition.[3]

---

[3] We agree with Appellant that we may exercise jurisdiction over this appeal. As we explained in *Danysh*,

> Although the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this is an appeal from a final order. Our appellate jurisdiction is properly from final orders, *see* Pa.R.A.P. 341(a), and even though the common pleas court lacked jurisdiction, its order was still final because it "dispose[d] of all claims and of all parties." Pa.R.A.P. 341(b)(1).

*Id.* at 152 n.1.

Despite our conclusion that the trial court lacked jurisdiction, we still are constrained to vacate its order because it failed to transfer the Petition to the Commonwealth Court, which has exclusive jurisdiction over the matter raised in the Petition.[4]  Section 5103 of the Judicial Code provides in pertinent part:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth **shall be transferred** by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S.A. § 5103(a) (emphasis added).  In **McNair v. Owens**, 576 A.2d 95 (Pa. Cmwlth. 1990),[5] the Commonwealth Court held that where a prisoner seeks relief for a claim of incorrect calculation by the DOC, it is an action in the Commonwealth Court's original jurisdiction and thus, the trial court should not have dismissed the petition, but rather transferred the matter to the

---

[4] **See** 42 Pa.C.S.A. § 761(a) (granting the Commonwealth Court original jurisdiction over civil suits against statewide government actors).

[5] We are not bound by the decisions of our sister Commonwealth Court, but such decisions may furnish persuasive authority.  **Petow v. Warehime**, 996 A.2d 1083, 1088 n. 1 (Pa. Super. 2010).

Commonwealth Court. *McNair*, 576 A.2d at 98. Accordingly, we vacate the trial court's order and remand the matter to the trial court with instruction to transfer the Petition to the Commonwealth Court.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2021